[S. F. No. 18728.   In Bank.   Mar. 13, 1953.]

BEATRICE HELEN FRENCH, Respondent, v. CLIFFORD
E. RISHELL et al., Appellants.

John W. Collier, City Attorney (Oakland), and Daniel J. McNamara, Deputy City Attorney, for Appellants.

Carroll, Davis & Freidenrich, Roland C. Davis and J. D. Burdick for Respondent.

GIBSON, C. J.—Plaintiff, the widow of a captain in the Oakland Fire Department, sought to compel the city of Oakland and its Board of Trustees of the Firemen's Relief and Pension Fund to pay her a pension pursuant to provisions of the city charter. A writ of mandate was granted on her motion for summary judgment on the pleadings, and defendants have appealed.

In a prior proceeding before the Industrial Accident Commission plaintiff asserted that her husband's death resulted from a heart attack, and the commission in making its award found that his death proximately resulted from an injury occurring in the course of and arising out of his employment. Thereafter plaintiff made application to the pension board pursuant to section 104 of the city charter,* which provides for the payment of a pension to the family of a member of the fire department who dies as a result of an injury or disability incurred while in the performance of his duty.. The board denied the application, and the present proceeding was then brought. The complaint incorporated a copy of the prior award and alleged that the time for appeal had passed and that the award had become final. It was also alleged that the husband's death was due to a coronary occlusion caused by exertions, emotional and physical strains, exposures to smoke, heat, water and fumes, suffered by him in the performance of his duties. The answer denied that the death resulted from injuries suffered by the husband in the performance of his duties, but it admitted that the Industrial Accident Commission had made its findings and award as alleged, that the time for appeal had passed and that the city had failed to seek any review of the award which had become final.

The sole question presented on this appeal is whether the decision of the Industrial Accident Commission is res judicata and binding on the pension board. ██ The doctrine of res judicata is applicable where the identical issue was decided in a prior case by a final judgment on the merits and the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication. (*Bernhard v. Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].) No question is raised as to the identity of the issue involved or

---

*Section 104 provides "(1) the Board of Trustees shall, out of the Firemen's Relief and Pension Fund, provide for the family of a member of the Department who may die as a result of an injury or disability incurred while in the performance of his duty as follows:" and then specifies the pension to be paid a widow or other dependents.

as to whether the decision of the commission is a final adjudication, but defendants claim that a decision of the commission is not binding in this type of case and that the pension board is not bound because it was not a party to the prior proceeding.

The Industrial Accident Commission exercises adjudicatory functions and has the power to make final determinations on questions of fact. (See *Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46, 50-51 [77 P.2d 836]; *Western Metal Supply Co.* v. *Pillsbury*, 172 Cal. 407, 410-413 [156 P. 491, Ann.Cas. 1917E 390]; see also 24 Cal.L.Rev. 328.) In a number of cases it has been held that findings of the commission are res judicata in subsequent civil proceedings where the same facts are in issue. (*Liberty Mut. Ins. Co.* v. *Superior Court*, 62 Cal.App.2d 601, 609-611 [145 P.2d 344]; *Goodman Bros.* v. *Superior Court*, 51 Cal.App.2d 297, 301-303 [124 P.2d 644]; *Gerini* v. *Pacific Emp. Ins. Co.*, 27 Cal.App.2d 52, 54-55 [80 P.2d 499]; *Williams* v. *Southern Pac. Co.*, 54 Cal.App. 571, 574-575 [202 P. 356] [cert. den. 258 U.S. 622, 42 S.Ct. 315, 66 L.Ed. 796]; see *United States F. & G. Co.* v. *Superior Court*, 214 Cal. 468, 470-471 [6 P.2d 243]; cf. *Goodspeed* v. *Great Western Power Co.*, 33 Cal.App.2d 245, 264-265 [91 P.2d 623, 92 P.2d 410] [Railroad Com.]; *Duprey* v. *Shane*, 39 Cal.2d 781, 790 [249 P.2d 8] [finding that plaintiff suffered an injury compensable under the Workmen's Compensation Act]; *Merino* v. *Pacific Coast Borax Co.*, 124 Cal.App. 336, 340-341 [12 P.2d 458]. See also annotation 122 A.L.R. 550, 551-552, 614-617.)

It is nevertheless urged by defendants that the doctrine of res judicata should not be applied in cases like the present because the plaintiff's burden of proof was less before the Industrial Accident Commission than it was before the pension board. Under section 3212 of the Labor Code,* as it read at the time of deceased's death in March 1949, it would be presumed, in the absence of contrary evidence, that heart trouble which manifested itself during a city firemen's employment arose out of and in the course of his employment. This section was applicable to the workmen's

---

*Section 3212 of the Labor Code then provided in part that "in the case of members of such [city] fire departments . . . the term 'injury' includes . . . heart trouble which develops or manifests itself during a period while such member is in the service of such department" and that "Such . . . heart trouble . . . so developing or manifesting itself in such cases shall be presumed to arise out of and in the course of the employment unless there is evidence to the contrary." (Stats. 1947, p. 2721.)

compensation proceedings, but the presumption was not available to plaintiff before the pension board. We are of the opinion, however, that the difference in burden of proof does not justify any exception to the general rule of res judicata. (See *Keith* v. *Alger*, 114 Tenn. 1 [85 S.W. 71] ; *Putnam* v. *Clark*, 34 N.J. Eq. 532; *cf. Hilton* v. *Guyot*, 159 U.S. 113, 202 [16 S.Ct. 139, 159, 40 L.Ed. 95].) █ As stated in 2 Freeman on Judgments [5th ed.], section 641, pages 1349-1350, ''In order that an adjudication in one court or tribunal should be regarded as res judicata upon the matters there determined when they come again in question in another tribunal, it is obviously not necessary that the same rules of law, practice or evidence should prevail in both tribunals. The attempt to impose any such limitation would defeat the whole purpose of the rule. . . . All that is essential therefore is that a party should have been given one opportunity for the judicial determination of an issue by a tribunal having the requisite authority and proceeding in a manner recognized as due process of law.'' (See, also, 3 Freeman on Judgments [5th ed.] §§ 1463, 1465, 1498, pp. 3006, 3009, 3075.) █ The Industrial Accident Commission, from its early days, has not been bound by common law or statutory rules of evidence and procedure, and, in addition to being allowed to receive hearsay evidence and to proceed informally, it has been authorized and permitted to adopt decidedly less stringent rules and regulations. (See Lab. Code, §§ 5708, 5709; Stats. 1917, pp. 831, 871; 27 Cal.Jur., §§ 148-149, pp. 478-481.) Despite these procedural differences, there are, as we have seen, a number of cases in which the doctrine of res judicata has been applied to determinations of the commission.

Defendants rely on *Schmidt* v. *Pension Board*, 63 Cal.App. 2d 439, 446 [147 P.2d 90], where the District Court of Appeal, in holding that a finding similar to that involved here was not binding on a municipal pension board, reasoned that a contrary holding would result in giving the Industrial Accident Commission power to deal with funds in the care of the pension board and would deprive that board of its powers and duties. █ It is clear, however, that a pension board is deprived of no power in such a case except the power to make an independent finding on an issue of fact previously determined by another tribunal. This limitation is, of course, inherent in the doctrine and is a necessary result in every case in which it is applied. The Schmidt opinion does not mention

any of the cases cited above, and the only authority given in support of its holding is *Drummond* v. *Drummond*, 39 Cal. App.2d 418 [103 P.2d 217]. The Drummond case, however, involved private individuals, and it was not in point because it merely held that a prior judgment was not res judicata as against one who was not in privity with a party to the prior litigation. The Schmidt case is therefore disapproved, and *McGrath* v. *Young*, 98 Cal.App.2d 415, 418 [220 P.2d 609], is also disapproved insofar as it relies on the Schmidt case.

It is immaterial that the pension board was not a party to the Industrial Accident Commission proceeding. The city, which is not only a party herein but the real party in interest, was also a party to and appeared in the prior proceeding. Under the city charter, the pension board acts as an agent of the city, and, in this representative capacity, it is bound by the commission's decision if the city is bound. (*Johnson* v. *Fontana County F.P. Dist.*, 15 Cal.2d 380, 390-391 [101 P.2d 1092]; *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502, 513-514 [258 P. 387]; *Servente* v. *Murray*, 10 Cal.App.2d 355, 360-361 [52 P.2d 270].)  It is likewise immaterial in the present case whether the pension board be regarded as a mere agent without authority to make any determinations of fact or as a local administrative body with power to make final determinations of fact. In either case, the doctrine of res judicata is applicable to uphold the trial court's action.

The writ granted by the trial court directs payment of a pension of half the husband's salary less all proper credits in accordance with section 104(b) of the city charter which provides that payments of compensation for disability or death shall be applied as a credit and set-off against any payment of salary or pension. Plaintiff has not appealed or attacked this deduction, and, accordingly, its propriety is not before us.

The judgment is affirmed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J., concurred in the judgment.