[Civ. No. 37175. Second Dist., Div. Three. Apr. 28, 1971.]

REBA P. GARRICK, Plaintiff and Respondent, v.
BOARD OF PENSION COMMISSIONERS OF THE CITY OF
LOS ANGELES et al., Defendants and Appellants.

244

**COUNSEL**

Roger Arnebergh, City Attorney, James A. Doherty, John Daly, Assistant City Attorneys, Siegfried O. Hillmer and Arthur D. Rutledge, Deputy City Attorneys, for Defendants and Appellants.

William T. Hays for Plaintiff and Respondent.

**OPINION**

**COBEY, Acting P. J.**—The Board of Pension Commissioners of the City of Los Angeles appeals from a judgment granting a peremptory writ of mandate directing it to reconsider its denial of a service-connected pension to the widow of a police sergeant and in such reconsideration to give effect to the disputable presumption created by Labor Code section 3212.5.

This section creates a disputable presumption that heart trouble developing or manifesting itself during the service of a member of a city police department, who has served at least five years, arose out of such service. This presumption may be controverted by other evidence.[1]

The narrow issue before us is whether section 3212.5 must be applied in appropriate pension proceedings before the board. If it must, then the board did not proceed in the manner required by law and abused

---

[1]The Evidence Code does not apply to workmen's compensation proceedings. (See Lab. Code, § 5708.)

its discretion prejudicially. (See Code Civ. Proc., § 1094.5, subd. (b); cf. *Siler* v. *Industrial Acc. Com.,* 150 Cal.App.2d 157, 164 [309 P.2d 910].)

Respondent's position is that section 3212.5, despite the absence of any language making it applicable to proceedings other than workmen's compensation proceedings, should have been applied in the pension proceedings before us.[2] She relies upon *Pathe* v. *City of Bakersfield,* 255 Cal.App.2d 409, 420-421 [63 Cal.Rptr. 220], hearing denied. Although unmentioned by her, *Rogers* v. *Retirement Board,* 109 Cal.App.2d 751, 758 [241 P.2d 611], held that that tribunal abused its discretion in failing to apply this section in a pension proceeding before it initiated by the widow of a police officer.

Respondent argues that the statement in *French* v. *Rishell,* 40 Cal.2d 477, 480-481 [254 P.2d 26], of the nonapplicability in pension proceedings of essentially the same presumption (Lab. Code, § 3212) as the one before us, was only dictum; and that it runs counter to the thoroughly established law that if there is any conflict between the provisions of a city's charter and the applicable provisions of the Workmen's Compensation Act, the latter must prevail since the provision of workmen's compensation benefits, including death benefits, pursuant to the plenary provisions of California Constitution, article XX, section 21, is a matter of statewide concern. (See *Healy* v. *Industrial Acc. Com.,* 41 Cal.2d 118, 121-122 [258 P.2d 1]; *City & County of S.F.* v. *Ind. Acc. Com.,* 142 Cal.App.2d 494, 500-501 [298 P.2d 651]; *Pathe* v. *City of Bakersfield, supra,* 255 Cal.App.2d 409, 416-417, 420-421, hg. den.) Furthermore, according to her, pension legislation should be liberally construed to achieve its beneficent purpose. (*Dillard* v. *Los Angeles,* 20 Cal.2d 599, 602 [127 P.2d 917].) Moreover, as just indicated, if there is any conflict between the compensation provisions made by an employer and those made by state law, the latter must prevail. (*City etc. of San Francisco* v. *Workmen's Comp. App. Bd.,* 2 Cal.3d 1001, 1010 [88 Cal.Rptr. 371, 472 P.2d 459].) In this connection she asserts that a municipal pension to a widow is a death benefit and therefore should be regarded as compensation within the meaning of the Workmen's Compensation Act.

We do not find respondent's argument persuasive. We readily concede that in the event of conflict between the provisions of the charter of a city and those of the Workmen's Compensation Act, the latter prevail, but such conflict exists in this case only if it is first assumed or decided

---

[2]In oral argument counsel for respondent stated that it had been the practice of the board up to 1967 to apply Labor Code section 3212.5 in its proceedings. Our examination of the record does not reveal any support for this statement.

that Labor Code section 3212.5 applies in proceedings other than workmen's compensation proceedings. We are not impressed with the authority of *Pathe* because its statement of the applicability of section 3212 in a city's pension proceedings was only dictum and neither of the cases cited by it, *Buckley* v. *Roche,* 214 Cal. 241 [4 P.2d 929] and *Bolger* v. *City of San Diego,* 239 Cal.App.2d 888 [49 Cal.Rptr. 204], is actually authority for this proposition. *Rogers,* on the other hand, appears to be a square holding to this effect as regards section 3212.5, but *Rogers* was decided approximately a year before *French* and is not mentioned in *French.* Furthermore, no reasons are given in *Rogers* for the holding and *Rogers,* to our knowledge, has never been cited. Finally, aside from *Pathe, Rogers,* and *Dillard,*[3] all of the cases which we have just cited in support of respondent's argument involved only workmen's compensation proceedings.

Although a municipal death pension is a death benefit and therefore a species of compensation in the workmen's compensation sense of the word, it is not granted in workmen's compensation proceedings and as stated in *Pathe* "It is indisputable that the . . . [Workmen's Compensation Appeals Board] and the pension board exist for entirely different reasons and were established to attain wholly independent objectives." (255 Cal.App.2d at p. 414.) ■ In the construction of a statute we may not insert what has been omitted (Code Civ. Proc., § 1858), and two enactments relating to the same subject matter should be construed to avoid conflict between them where it is reasonably possible to do so. (See *Rogers* v. *County Bank of Santa Cruz,* 254 Cal.App.2d 224, 226 [61 Cal.Rptr. 879].) If the Legislature desires that the disputable presumption at issue apply in pension proceedings as well as in workmen's compensation proceedings, all that it need do is to make its preemptive intent clear. (*Bishop* v. *City of San Jose,* 1 Cal.3d 56, 61-63 [81 Cal.Rptr. 465, 460 P.2d 137].)

The judgment is reversed.

Schweitzer, J., and Allport, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 23, 1971.

---

[3]*Dillard* did not involve in any way the relationship between workmen's compensation proceedings and pension proceedings.