[Civ. No. 67436. Second Dist., Div. Four. Feb. 28, 1984.]

VANCE D. CAUSEY, Plaintiff and Appellant, v.
BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS
ANGELES, Defendant and Respondent.

COUNSEL

Lemaire, Faunce & Katznelson, Edward L. Faunce and Mark Ellis Singer for Plaintiff and Appellant.

Ira Reiner, City Attorney, Siegfried O. Hillmer, Assistant City Attorney, Beverly E. Mosley and Kristi Lousteau, Deputy City Attorneys, for Defendant and Respondent.

OPINION

AMERIAN, J.—

FACTS

Appellant Vance D. Causey (herein appellant) was a police officer of the City of Los Angeles for 18 years. He sought a disability pension in 1978 because of depression and hypertension he claimed was work related and due to duty pressures. At the same time he also sought workers' compensation benefits because of the same condition.

In an undated stipulation filed February 1, 1983, in the workers' compensation matter, the City of Los Angeles, the employer of appellant, conceded that the disability was job related and on February 1, 1983, an award was signed and filed by the workers' compensation appeals judge. The injury on which the workers' compensation award was based was designated "hypertension and psyche."[1]

Concerning the disability pension application, respondent Board of Pension Commissioners of the City of Los Angeles (herein respondent) originally denied the request following a hearing held on February 1, 1979. Appellant filed a petition for writ of mandate, seeking a court order directing

---

[1] It is agreed by the parties that this award has become final.

that respondent grant him a disability pension. On September 19, 1979, judgment was filed, ordering, inter alia, that respondent "set aside its decision denying [appellant] a disability pension and find [appellant] incapable of performing his duties as a Los Angeles Police Department member."

On March 13, 1980, respondent proceeded to follow the order of the court. On May 8, 1980, respondent granted appellant a nonservice-connected disability pension based on a finding that the disability was "nonservice-connected."

On November 21, 1980, appellant filed a supplemental petition for peremptory writ of mandate, pursuant to Code of Civil Procedure section 1094.5, seeking an order granting him a service-connected disability pension. On January 7, 1982, the court denied the supplemental petition. Findings of fact and conclusions of law were filed by the trial court on March 1, 1982. Judgment was entered on March 1, 1982.

This appeal is from the judgment of March 1, 1982, denying the supplemental petition for peremptory writ of mandate.

ISSUE

Appellant raises only one issue on this appeal. Were the 1983 stipulation and award in the Workers' Compensation Appeals Board proceeding res judicata on respondent on the question on whether the disability of appellant was service-connected?

DISCUSSION

The question of whether there exists privity between respondent and the City of Los Angeles, employer of appellant, such that the principle of collateral estoppel might apply was answered in *Dakins v. Board of Pension Commissioners* (1982) 134 Cal.App.3d 374 [184 Cal.Rptr. 576].

In *Dakins,* a police officer employed by the City of Los Angeles sought both disability pension and workers' compensation benefits based on a psychiatric illness consisting of anxiety. The workers' compensation claim was filed on August 16, 1979. The adjudication resulted in a findings and award dated January 8, 1980. In the award, the Workers' Compensation Appeals Board (WCAB) judge determined that the injury was one *"arising out of and occurring in the course of his employment consisting of anxiety."* (At p. 378; italics in original.)

On November 15, 1979, Dakins had filed his application with the Board of Pension Commissioners of the City of Los Angeles (herein pension board), the same board as before us in this appeal. The hearing before the pension board was held on July 10, 1980. Although counsel for Dakins pointed out to the pension board that the WCAB had already determined the injury to be work related, the pension board on August 28, 1980, made a determination that the illness of Dakins was not "industrially caused." His request for a service-connected disability pension was rejected, although he was found to be disabled and was awarded a nonservice-connected disability pension.

Dakins filed a petition for writ of mandate, seeking to compel an award of a service-connected disability pension. The trial court denied the petition.[2] On appeal, Dakins contended that the WCAB findings and award of January 4, 1980 were binding on the pension board. The court agreed with Dakins and reversed.

■ In discussing the problem before it, the court stated, " 'The doctrine of *res judicata* gives certain *conclusive effect* to a *former judgment* in subsequent litigation involving the same controversy.' (4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 147, p. 3292.) (Italics in original.) 'In a new action on the same cause of action a prior judgment for the defendant acts as a complete bar to further litigation, and a prior judgment for the plaintiff precludes litigation because it results in a merger, superseding plaintiff's claim by a right of action on the judgment. [Citation.] In a new action on a different cause, the former judgment is not a complete merger or bar, but is effective as a collateral estoppel, being conclusive on issues actually litigated in the former action. [Citation.]' (*Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 601 [172 Cal.Rptr. 826].) [¶] Collateral estoppel is a distinct aspect of the doctrine of res judicata. In the present case, we are not faced with the merger or bar aspects of res judicata. Instead, we are concerned with the application of collateral estoppel. The appellant's cause of action for a service-connected disability pension is not the same cause of action as his claim for workers' compensation benefits. Consequently, we must decide whether the factual findings of the WCAB are binding on the Board. If collateral estoppel applies, the WCAB findings and award would be conclusive on all issues which were litigated or which could have been raised and litigated in the WCAB action. [Citations.]" (*Dakins* v. *Board of Pension Commissioners, supra,* 134 Cal.App.3d at p. 385.)

■ "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with

---

[2]The basis for the denial in the trial court was that the weight of the evidence supported the determination of the pension board.

the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (*Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 813 [122 P.2d 892].)

Applying the *Bernhard* standard, the *Dakins* court proceeded to find that "the essential issue decided in the WCAB proceedings regarding whether appellant's injuries arose out of and in the course of employment was the identical issue litigated before the Board, albeit termed, 'service-connected' under Charter article XVIII, section 190.12, subdivision (a)." (*Dakins* v. *Board of Pension Commissioners, supra,* 134 Cal.App.3d at p. 386.)

Further, the *Dakins* court determined that, "the parties to the WCAB proceedings and the Board proceedings were identical. The City was a party to the WCAB proceedings. The Board administers the City's department of pensions and thus acts as the agent for the City. As the City was bound by the WCAB proceedings, the Board in its representative capacity was similarly bound. . . ." (At p. 386.)

■ We agree with the *Dakins* result as to these two aspects of the doctrine of collateral estoppel. The issue stipulated to by the representatives of the City of Los Angeles in appellant's workers' compensation proceeding was identical with the one presented in the action before us. The party against whom the plea is asserted (respondent) is "a party or in privity with a party" (City of Los Angeles) to the workers' compensation proceedings.

A question remains, however, as to whether there has been a "prior" adjudication by the WCAB in the case before us. That question arises from the fact that the stipulation and award in the workers' compensation proceeding were filed on February 1, 1983; the determination of respondent was made on May 8, 1980; the trial court judgment denying the petition of appellant was entered on March 1, 1982.

Appellant urges that because the first final judgment was that of the WCAB, the determination there that the injury arose out of and in the course of appellant's employment is binding on respondent. In support of this position, appellant cites *Domestic & Foreign Pet. Co., Ltd.* v. *Long* (1935) 4 Cal.2d 547 [51 P.2d 73].

In *Domestic & Foreign,* an issue as to entitlement to oil royalties was presented in separate lawsuits. In a municipal court action, judgment was given awarding accrued royalties. That judgment was appealed to the superior court. The superior court reversed and directed entry of judgment for the defendants in that municipal court case, thereby denying recovery

of oil royalties. Prior to the filing of the municipal court case, a separate declaratory relief action had been brought in superior court to address the question of entitlement to royalty rights because of assignment of royalty interests.

■ On the appeal in the declaratory relief action the court stated, "Where two actions involving the same issue are pending at the same time, it is not the final judgment in the first suit, but the first final judgment, although it may be rendered in the second suit, that renders the issue *res judicata* in the other court. [Citations.] Where the judgment in one suit becomes final through lapse of time or affirmance on appeal while an appeal is still pending in another court from judgment in the other action, the first final judgment may be brought to the attention of the court in which an appeal is still pending and relied on as *res judicata*. [Citation.]" (*Domestic & Foreign Pet. Co., Ltd. v. Long, supra,* 4 Cal.2d at p. 562.)[3]

Respondent cites the following quotation from *Palm Springs Paint Co. v. Arenas* (1966) 242 Cal.App.2d 682 [51 Cal.Rptr. 747], and erroneously attributes it to *Domestic & Foreign,* "Although normally the res judicata effect of a prior judgment must be pleaded or evidence thereof presented to the trial court, where a judgment becomes final while an appeal from a judgment in another action presenting the same issue between the same parties is pending, the first final judgment may be brought to the attention of the appellate court in which the appeal is pending and may be there relied upon as res judicata. [Citations.]" (At p. 688.)

Relying on this authority, respondent urges that we exercise the discretion suggested by the use of the word "may" in *Palm Springs Paint Co. v. Arenas, supra,* 242 Cal.App.2d at page 688. In exercising this discretion, respondent urges further that we ignore both the stipulation of the City of Los Angeles in the WCAB proceedings and the award of the WCAB judge. This we are not prepared to do.

■ The facts presented to us are that the identical party (under *Dakins*) has stipulated in one proceeding that appellant "sustained injury arising out of and in the course of his employment." Judgment based on the stipulation in the WCAB proceeding has become final in the WCAB proceeding. Under these circumstances we see no reason why respondent should not now be collaterally estopped from adopting any position in the proceedings before the pension board in contravention of that judgment.

---

[3]The doctrine of res judicata was not applied in *Domestic & Foreign* because no proof of the prior judgment was presented to the Supreme Court and thus there was no way to ascertain the parties as to whom the prior final judgment would be res judicata.

## DISPOSITION

The judgment is reversed. The matter is remanded with directions to the trial court to conduct further proceedings, in view of the February 1, 1983, award of the WCAB and the stipulation of the City of Los Angeles filed February 1, 1983, in the proceedings before the WCAB.[4]

McClosky, Acting P. J., and Troost, J.,* concurred.

On March 23, 1984, the opinion was modified to read as printed above.

---

[4]We recognize that the findings of fact of the trial court were made 11 months before the filing of the stipulation and award in the WCAB proceeding on February 1, 1983, and that the judgment of the trial court was entered almost four months before the opinion in *Dakins v. Board of Pension Comrs., supra,* 134 Cal.App.3d 374, was filed.

*Assigned by the Chairperson of the Judicial Council.