Anselmo A. **CHAVEZ**, Plaintiff,

v.

**LOCKHEED MARTIN MISSILES & SPACE**, Defendant.

No. Civ. 97–20530 SW.

United States District Court,
N.D. California.

Feb. 27, 1998.

---

plaintiff could not successfully amend. Therefore, no leave is granted.

ORDER DISMISSING COMPLAINT
WITH PREJUDICE [1]

SPENCER WILLIAMS, District Judge.

On June 17, 1997, *pro se* Plaintiff Anselmo Chavez ("Chavez") initiated this action against Defendant Lockheed Martin Missiles & Space Co. ("Lockheed") alleging discrimination, retaliation, and intentional infliction of emotional distress. Defendant has moved the Court to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

Chavez is a 65 year-old Hispanic–American male who claims to suffer from a disability. He was hired by Lockheed on August 26, 1986. Chavez was retained as a production planner, which required him to prepare written manufacturing plans for assembly line workers.

During and after the course of his employment with Lockheed Chavez initiated numerous legal proceedings against it. On April 14, 1988, Chavez filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") claiming that Lockheed failed to promote him to a supervisory position because of his national origin and his age in violation of Title VII and the Age Discrimination in Employment Act ("ADEA"). The EEOC issued Chavez a right-to-sue letter concerning this charge on November 9, 1989. On February 1, 1990, Chavez filed an action against his employer in Federal District Court for the Northern District of California (Civ. No. 90–20062 JW (N.D.Cal)), alleging discrimination. On April 24, 1991, the court entered summary judgment in favor of Lockheed, which judgment was affirmed by the Ninth Circuit Court of Appeals on June 18, 1992.

On August 14, 1990, Chavez filed a second action in the Northern District of California against Lockheed (Civ. No. 90–20484 JW (N.D.Cal.)), alleging that he received a low performance evaluation for 1989 because of his national origin and age, and in retaliation for his filing of the administrative charge with the EEOC in April 1988. On October 16, 1991, the court entered summary judgment in favor of Lockheed, which judgment was affirmed by the Ninth Circuit on June 2, 1993.

Chavez claims he suffered a work-related wrist injury in December 1990. On April 1, 1991, a doctor referred by Lockheed examined Chavez and prescribed a temporary

1. The Court finds this motion suitable for disposition without oral argument.

work restriction including a prescription that Chavez wear wrist splints for keyboard work and that he be allowed to take a break for 1 or 2 minutes every 30 minutes to rest his wrists and hands. On May 29, 1991, the doctor removed this temporary work restriction. A report made on June 21, 1991 by another Lockheed doctor likewise found that Chavez was able to perform his usual and customary duties without restriction.

Lockheed terminated Chavez's employment on September 6, 1991. Chavez thereafter, on October 14, 1992, filed a third action in Federal District Court against Lockheed (Civ. No. 93–20203 JW (N.D.Cal.)), alleging that while he was still working at Lockheed he was denied consideration for a managerial position in another department because of his national origin and age, and in retaliation for his earlier complaints of discrimination. On May 24, 1994, the court entered summary judgment in favor of Lockheed, which judgment was affirmed by the Ninth Circuit on April 26, 1995.

In May 1993, Chavez was once again examined by a Lockheed doctor. This doctor determined that Chavez was a Qualified Injured Worker ("QIW"), entitling him to certain Workers' Compensation benefits.[2] Chavez began receiving weekly Vocational Rehabilitation Maintenance Assistance ("VRMA") payments that same month.

On July 27, 1994, Chavez called Reiko Pang ("Pang"), a Lockheed claims examiner, to request permission to see yet another doctor for his medical problems. During that conversation, Chavez informed Pang that he had a federal lawsuit pending against Lockheed.

On August 3, 1994, Chavez received a letter from Pang stating that his temporary VRMA benefits would cease as of July 29, 1994, and that his permanent disability payments would commence thereafter. Apparently, Chavez's permanent disability payments stopped in September 1994.

Following the termination of all benefits, Chavez initiated two separate proceedings. First, in August 1994, Chavez file an application for adjudication of his claim with the Workers' Compensation Appeals Board

("WCAB"). On December 24, 1996, Workers' Compensation Judge Terry A. Douglas found that there was no evidence that Chavez was entitled to any type of disability payments. Specifically, Judge Douglas entered Findings and Orders that: (1) Chavez's alleged injury caused no compensable temporary disability; (2) Chavez's alleged injury caused no rateable permanent injury; (3) Chavez did not need any further medical treatment; (4) Chavez did not establish by good faith *prima facie* evidence that he was a QIW entitled to rehabilitation benefits during the evaluation period; and (5) Chavez was not a QIW entitled to vocational rehabilitation benefits. In response to this decision, Chavez filed a Petition for Reconsideration with the WCAB, which petition was denied on February 5, 1997.

Second, on December 6, 1994, Chavez filed an administrative charge with the EEOC. He alleged that his Workers' Compensation benefits and vocational rehabilitation benefits were terminated in September 1994 by Lockheed and its agents because of his age, national origin, disability, and in retaliation for his numerous past complaints of discrimination as well as his then-pending action against Lockheed. Chavez received a right-to-sue letter in connection with this EEOC charge on March 27, 1997.

## LEGAL STANDARD

A complaint should only be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it appears beyond doubt that no set of facts could support plaintiff's claim for relief. *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir.1987), *cert. denied,* 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In reviewing a motion under Rule 12(b)(6), all allegations of material fact are taken as

---

**2.** These benefits include vocational rehabilitation benefits, Vocational Rehabilitation Maintenance Assistance (VRMA) payments, and permanent disability indemnity payments.

true and must be construed in the light most favorable to the non-moving party. *Durning*, 815 F.2d at 1267.

## DISCUSSION

### A. Claims of Retaliation and/or Discrimination

■ Chavez's first count alleges retaliation and/or discrimination on the basis of national origin, age, and disability. However, the only facts he recites relate to events occurring in 1991 or before. In particular, he alleges that he was laid off on September 6, 1991 even though he was still receiving medical treatment from Lockheed physicians for injuries incurred while at Lockheed.

In order to bring a discrimination claim in federal court plaintiff must first file an administrative charge with the EEOC within a maximum of 300 days of the events constituting discrimination. This requirement applies to all three of Chavez's discrimination claims. *See* 42 U.S.C. § 2000e–5(e)(1) (Title VII); 29 U.S.C. § 626(d) (Age Discrimination in Employment Act); 42 U.S.C. § 12117(a) (Americans with Disabilities Act). Although Chavez's present complaint points to a 1997 right-to-sue letter issued by the EEOC, that letter concerns his 1994 complaint regarding the termination of his Workers' Compensation benefits Chavez has failed to allege that he filed a relevant administrative charge with the EEOC within 300 days of his 1991 termination or that he filed the present action within 90 days of receiving a corresponding right-to-sue letter, as required by 42 U.S.C. § 2000e–5(f)(1).[3]

Accordingly, all retaliation and/or discrimination claims that Chavez may be asserting in connection with his termination in September, 1991 or previous to that time are therefore time-barred and hereby DISMISSED WITH PREJUDICE.

### B. Second Claim of Retaliation

■ Chavez's second count, entitled "retaliation," states that his VRMA and permanent disability benefits were cut off in 1994 in retaliation for his then-pending federal lawsuit. To establish *prima facie* case of retaliation, a plaintiff must show: (1) he was engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there was a causal link between the protected activity and the adverse employment action. *Jurado v. Eleven–Fifty Corp.*, 813 F.2d 1406, 1411 (9th Cir.1987).

■ Chavez engaged in a protected activity when he filed a charge of discrimination with the EEOC and, upon being issued a right-to-sue letter, when he timely filed a lawsuit. *See* 42 U.S.C. § 2000e–3(a); *see also Miller v. Fairchild Industries, Inc.*, 797 F.2d 727 (9th Cir.1986). However, the termination of Chavez's Workers' Compensation benefits to which he was never entitled does not amount to an "adverse employment action." In the WCAB Findings and Orders issued on December 24, 1996, Judge Douglas determined that Chavez was not entitled to any benefits. Lockheed's lawful denial of those benefits cannot constitute an adverse employment action. *See Harris v. National Precision Blanking*, 1997 WL 709653 (N.D.Ill. May 30, 1997).

■ Even assuming the termination of Chavez's benefits constitutes an adverse employment action, Chavez cannot establish a causal link between his then-pending lawsuit and the termination of his benefits. The reason for the termination of his benefits was conclusively established in the WCAB proceeding. The doctrine of collateral estoppel prevents Chavez from relitigating any issues that were the subject of the WCAB Findings and orders issued on December 24, 1996. It is well established that judgments of the WCAB have collateral estoppel and/or res judicata effect in all subsequent proceedings, including civil actions between the same parties in both state and federal court. *See Takahashi v. Board of Trustees of L.U.S.D.*, 783 F.2d 848, 850 (9th Cir.1986); 28 U.S.C. § 1738; *see also Scott v. Industrial Accident Commission*, 46 Cal.2d 76, 83, 293 P.2d 18

---

3. Moreover, Chavez does not allege that he only recently became aware of any discrimination occurring in 1991 or before. *See Boyd v. United States Postal Service*, 752 F.2d 410, 414 (9th Cir.1985) (stating that if there is a question about the claimant knowing of the alleged violation, the 300–day filing period will begin to run when the facts of the alleged violation would be apparent to a similarly situated person with a reasonably prudent regard for his rights).

**1172**

(1956); *Dakins v. Board Of Pension Commissioners,* 134 Cal.App.3d 374, 382, 184 Cal. Rptr. 576 (1982).

Chavez and Lockheed have already fully adjudicated, through a full evidentiary hearing, the issue of whether Chavez is entitled to Workers' Compensation benefits. The Findings and Orders of the WCAB judge clearly demonstrate that Chavez did not suffer a compensable Workers' Compensation injury and that he was not accordingly entitled to the vocational rehabilitation benefits or payments he alleges were improperly terminated by Lockheed. In order for this Court to find that Chavez has pleaded sufficient facts to establish a *prima facie* causal link between his pending lawsuit and the termination of his benefits, the Court would have to determine that Chavez may actually have been entitled to those benefits. The Court may not do this. Accordingly, Chavez's second cause of action is therefore DISMISSED WITH PREJUDICE.

### C. Claim for Intentional Infliction of Emotional Distress

Chavez's third count alleges a state law claim of intentional infliction of emotional distress. The statute of limitations bars this claim. Claims for intentional infliction of emotional distress must be brought within one year of the event alleged to have inflicted the distress. Cal.Civ.Proc.Code § 340(3); *Cantu v. Resolution Trust Corp.,* 4 Cal. App.4th 857, 889, 6 Cal.Rptr.2d 151 (1992). The incidents that Chavez claims caused the emotional distress occurred in 1994 or before. He did not bring this action until 1997. Thus, Chavez's claim for intentional infliction of emotional distress is time-barred and hereby DISMISSED WITH PREJUDICE.

### CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is GRANTED (docket no. 6) and this action is hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.