[No. G030868. Fourth Dist., Div. Three. Nov. 25, 2003.]

SANDRA ABRAHAM, Plaintiff and Appellant, v.
WORKERS' COMPENSATION APPEALS BOARD, Defendant and
Respondent;
CITY OF BUENA PARK, Real Party In Interest.

## COUNSEL

Faunce, Singer & Oatman, Edward L. Faunce and Larry J. Roberts for Plaintiff and Appellant.

Filarsky & Watt and Steve A. Filarsky for Defendant and Respondent and for Real Party In Interest.

## OPINION

**IKOLA, J.**—In this appeal, Sandra Abraham (appellant) challenges a judgment of the superior court denying her petition for writ of administrative mandamus against the Workers' Compensation Appeals Board (WCAB). The City of Buena Park (the city), appellant's former employer, appeared as the real party in interest in the proceeding below. We affirm the judgment, finding the court was without jurisdiction to entertain the petition.

### FACTS

Appellant began her police career as one of two female officers with the city in 1987. She resigned in 1989, suffering debilitating depression and anxiety caused by the discrimination and sexual harassment of the male officers and their retaliation when she reported them to her unresponsive supervisors. She filed a claim for workers' compensation, which the city denied by letter dated December 15, 1989, stating, in pertinent part, "Your claim is being denied because we do not have any medical information indicating that your claim is work related." Appellant did not challenge the city's decision that her workers' compensation injury claim was nonindustrial.

Appellant filed a civil suit against the city, and in 1991 a jury awarded her $195,000 in damages. In 1994, this court affirmed the judgment, establishing appellant had been constructively discharged by the city as a result of the wrongful conduct. (*McClaren v. City of Buena Park* (Aug. 29, 1994, G012904) [nonpub. opn.].)

By virtue of her employment as a city police officer, appellant was a member of the Public Employees' Retirement System (PERS). Consequently,

while appellant's civil litigation was pending, she filed an application for disability retirement with PERS, basing her claim on her psychiatric condition stemming from the workplace.[1] PERS forwarded the application to the city, its contracting agency, for a determination under Government Code section 21024.[2] In May 1992, the city decided appellant was not disabled, but that determination was overturned in 1996, when an administrative law judge found appellant was "substantially incapacitated from performing her usual and customary duties as a police officer for [the city's police department] because of a chronic mental condition."

Thereafter, in June 1997, appellant sought a determination by the WCAB that her disability was industrial. In accordance with section 21166, the WCAB hears and determines disputes arising under PERS regarding industrial causation of a disability. The city moved to dismiss the matter for lack of jurisdiction, noting appellant's workers' compensation claim had been denied nine years earlier, appellant had never before filed an application for adjudication of her claim before the WCAB, and the instant petition was presented outside the statutory five-year jurisdictional limit of the WCAB to hear it.

In March 1998, the WCAB judge issued the following finding of fact: "IT IS FOUND that the [WCAB] has no jurisdiction to make a finding on behalf of the applicant under Government Code [section] 21166 due to the failure of applicant to file an Application for Adjudication of Claim from her alleged date of injury culminating on or about October 27th, 1989." More particularly, the opinion states, "[T]he applicant is alleging injury which occurred on a continuous trauma basis culminating on or about October 27th, 1989. . . . [R]ule 10400 [then in effect] states that 'Proceedings from the adjudication of rights and liability before the [WCAB] shall be initiated by the filing of an Application for Adjudication, Compromise and Release agreement or Stipulations with Request for Award.['] No such filing has been made in this matter . . . . Thus, it would appear that the petition in this matter is the first formal filing relative to the applicant's request for compensation benefits. It is noted that her claim as presented to the city in 1989 was denied. Under the rules extant at that time her option was to file an Application for Adjudication of Claim to invoke the jurisdiction of the Board for further proceedings." The opinion notes that appellant's claim for workers' compensation "was specifically denied by the employer defendant on December 15th, 1989," bringing into play the Labor Code statute of limitations (Lab. Code, § 5405) giving appellant "one year from the date of injury to commence proceedings with the WCAB," yet appellant "failed to [commence the proceedings] and has failed to do so to this very date." For this reason, the WCAB found itself

---

[1] A claim for disability retirement benefits with PERS is a process separate from the application for disability benefits with the WCAB.

[2] All further statutory references are to the Government Code unless otherwise stated.

without jurisdiction "to render any decision relative to [appellant's] request for a finding of industrial causation pursuant to Government Code section 21166."

Appellant sought reconsideration. She argued her PERS claim under the Government Code and her workers' compensation claim under the Labor Code were completely separate and apart from one another for purposes of WCAB determination. She contended jurisdiction under the Government Code does not even arise until the employer has made a determination of disability for pension purposes. According to appellant, that determination did not occur until 1996, when the administrative law judge overturned the city's nondisability decision and found appellant was, in fact, disabled; thus the application for determination of industrial causation was timely.

The WCAB denied reconsideration, stating an additional ground for lack of jurisdiction. Specifically, it observed, "Here, the date of injury was August 30, 1989, but applicant did not file a petition seeking the WCAB's determination until June 17, 1997. Even in cases where the WCAB makes an original determination under section 21166 and a party subsequently seeks reopening under section 21171, there is an outside limit of 5 years from the date of injury for the Board to rescind, alter, or amend its original determination for good cause, under the power of continuing jurisdiction. Therefore, even if we were to assume that the WCR was incorrect in ruling that an Application for Adjudication of Claim must be filed to invoke the jurisdiction of the WCAB on a petition pursued under section 21166, applicant's failure to file the petition within 5 years from the date of injury would bar the petition if section 21171 was applied here."

Appellant petitioned this court for a writ of review under sections 21168 and 21170 to determine whether the WCAB had acted unreasonably or without or in excess of its powers.[3] The question presented was whether the WCAB had jurisdiction under section 21166 to make an industrial causation finding. Per order of August 13, 1998, another panel of this court summarily denied the petition.

Three years later, on August 3, 2001, pursuant to Code of Civil Procedure section 1094.5, appellant filed a petition for writ of administrative mandamus

---

[3] Section 21168 provides, "Within 30 days after the petition for rehearing is denied . . . any person affected thereby, including this system, may apply to the Supreme Court or to the court of appeal of the appellate district in which he or she resides, for a writ of review, for the purpose of inquiring into and determining the lawfulness of the findings of the Workers' Compensation Appeals Board." Section 21170 provides, "The review by the court shall not be extended further than to determine whether the Workers' Compensation Appeals Board acted without or in excess of its powers, or unreasonably, or whether its act was procured by fraud."

in the superior court, seeking to compel the WCAB to set aside its decision that it lacked jurisdiction to determine industrial causation of appellant's disability and to compel it to decide the issue and grant relief. She set forth the procedural history summarized above, alleged she was eligible for an industrial disability retirement, and claimed she had never had a judicial review of the WCAB's determination. In its answer to the petition, the city asserted, inter alia, that under Labor Code section 5955, the superior court was without jurisdiction to consider the matter, and that relief was barred by the collateral estoppel or res judicata effect of this court's August 13, 1998, summary denial of appellant's petition for writ of review.

The superior court, deciding the Labor Code was no obstacle to its jurisdiction, issued a judgment denying the request for writ "for the reasons stated in open court on April 16, 2002." The record to which the court alluded sets forth the following comments by the court: "[I]t appears very straightforward under the allegations of the pleadings before the court that [laches] does and should and must apply. Here we have the petitioner having sat on rights for a very long time. Even more importantly, we have a res judicata situation. Here the petitioner has filed before the Court of Appeal on the very same issues that [she] now wishes to file before this court on the case. *In re Rose* (2000) 22 Cal.4th 430 [93 Cal.Rptr.2d 298, 993 P.2d 956] talks about that issue and it has been adjudicated, and at this level, therefore, the court does not have jurisdiction. For that reason, the petition would be denied." Following further argument, the court concluded: "The Court of Appeal took the case. Like in here, even though they denied redress without comment, they still took jurisdiction and at that point then res judicata applies. I can't help that. That is the basis for this court's decision." Appellant appeals from the judgment denying her petition for a writ of mandamus.

DISCUSSION

Labor Code section 5955 provides, "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the [WCAB], or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties," and gives the Supreme Court or the Court of Appeal the power to issue a writ of mandate "in all proper cases." As stated by our Supreme Court more than 50 years ago, "An examination of the legislative history of [Labor Code] section 5955 . . . clearly shows that [the statute] means that *superior courts have no jurisdiction* to review or otherwise interfere with the operation of *any order* of the Industrial Accident

Commission."[4] (*Loustalot v. Superior Court* (1947) 30 Cal.2d 905, 910 [186 P.2d 673], italics added.) As the court further explained, "In restricting any interference with the commission's decisions or orders to proceedings in the appellate courts, the Legislature has carried out the declared policy of the constitutional provision that the commission be unencumbered by any but proceedings in the appellate courts." (*Id.* at pp. 912–913; see also *Pizarro v. Superior Court* (1967) 254 Cal.App.2d 416, 418, fn. 3 [61 Cal.Rptr. 923] ["An order of the Industrial Accident Commission may not be reviewed by a superior court even though it is erroneous"]; *Greitz v. Sivachenko* (1957) 152 Cal.App.2d 849, 850 [313 P.2d 922] [decision of Industrial Accident Commission may be contested only by writ of review filed in the Supreme Court or the Court of Appeal].)

Section 21166 statutorily delegates to the WCAB decisions in disputes arising under PERS. Labor Code section 5955, on its face, includes such decisions in that it applies to "*any*" order, rule, decision, or award" issued by the WCAB. Nonetheless, appellant contends the statute does *not* apply to PERS issues coming before the WCAB, and she relies on *Pearl v. Workers' Comp. Appeals Bd.* (2001) 26 Cal.4th 189 [109 Cal.Rptr.2d 308, 26 P.3d 1044] (*Pearl*) to prove the point. According to counsel's oral argument, *Pearl* means that the WCAB acts in two different capacities, depending on whether a PERS issue or a workers' compensation issue is presented. In deciding a PERS issue, the WCAB is merely an administrative agency whose decisions are reviewable by way of writ of administrative mandamus in the superior court; in deciding a workers' compensation issue, on the other hand, the WCAB is a constitutional court whose decisions are reviewable as provided in Labor Code section 5955—by petition for review exclusively in the Supreme Court or Court of Appeal. Counsel explained, "[T]hat is . . . as a matter of convenience, the State Legislature [through the Government Code] reach[es] out and tap[s] into a cadre of administrative law judges who happen to be employed at the WCAB, and say[s], We're going to add to your assignment the duty not only to sit as judges of the constitutional court [in workers' compensation cases], but we're going to ask you to also act as administrative law judges on behalf of PERS to hear this one question of PERS industrial causation, and that's why [Labor Code section] 5955 doesn't apply because this is not a workers' compensation case."

The problem with appellant's argument is that it is not supported by *Pearl*, by reasonable interpretation of the relevant statutes, or, to our knowledge, by any other authority. In *Pearl*, an employee obtained disability retirement benefits from PERS for a job-related psychiatric injury. He petitioned the WCAB for a determination as to industrial causation, which would entitle

---

[4] The Industrial Accident Commission is the predecessor of the WCAB. (*Renteria v. County of Orange* (1978) 82 Cal.App.3d 833, 836 [147 Cal.Rptr. 447].)

him to enhanced benefits. In deciding the injury was nonindustrial, the WCAB applied the stringent substantive provisions of Labor Code section 3208.3 [for psychiatric injury to be compensable, events of employment must be the *predominant* cause]. The Court of Appeal denied Pearl's petition for review. The Supreme Court reversed and remanded the case with directions that upon rehearing the issue of industrial causation, the WCAB apply the substantive provisions of section 20046 [retirement disability is compensable if it results from injury or disease *arising out of and in the course of* employment]. The *Pearl* court reasoned: (1) The Labor Code definition did not expressly provide that it applied to retirement disability claims under the PERS statutes; (2) the Labor Code expressly stated that it applied to compensability under division 4 of the Workers' Compensation Act; (3) no assumption would be indulged that the substantive provisions of the Labor Code should be engrafted onto the "distinct legislative scheme" of PERS law; and (4) neither on its face nor in the legislative history of the PERS law, specifically section 21166, was there any indication of an intent to incorporate substantive, as opposed to procedural, workers' compensation law. (*Pearl, supra,* 26 Cal.4th 189, *passim.*) In short, while the WCAB was legislatively directed to use the same *procedures* as in workers' compensation hearings, i.e., "rules for presenting evidence and making findings of fact" (*id.* at p. 195), it was not authorized to extend the reach of the substantive provisions to retirement disability under the PERS law. (*Id.* at p. 196.) The *Pearl* case does not speak to, much less decide, the issue of the applicability of Labor Code section 5955. ■ Furthermore, applying Labor Code section 5955 to limit review of the industrial causation decision made by the WCAB in a PERS case does *not* extend the reach of the workers' compensation law to the PERS law. On the contrary, the jurisdictional limitation imposed by Labor Code section 5955 is entirely consistent with and complementary to section 21168, which directs the aggrieved party to seek review in the Supreme Court or the Court of Appeal.

Undaunted, appellant insists that her remedy under Code of Civil Procedure section 1094.5 is "cumulative" to her remedy under section 21168. ■ However, as noted above, section 21168 directs the person affected by the WCAB's decision on rehearing to apply to the Supreme Court or the Court of Appeal for a writ of review inquiring into the lawfulness of the WCAB's findings, and it contains no provision for divergent remedies on a dual track. The proposition that an unsuccessful appellant in the Court of Appeal may ask the superior court to do precisely what the Court of Appeal refused to do is wholly without merit. Indeed, in this instance, res judicata bars further proceedings, and although we need not reach the merits of that issue, we devote a few sentences to it because the trial court relied on the res judicata doctrine and the parties have made it the centerpiece of the appeal.

 Appellant argues res judicata does not apply because the Court of Appeal, having summarily denied her petition for review, never really *decided* the issue. She is wrong. When, as here, a petition for review in the Court of Appeal or the Supreme Court "is the exclusive means of obtaining review of a quasi-judicial decision, [the court's] summary denial of such a petition is deemed a final judicial determination on the merits." (*In re Rose, supra,* 22 Cal.4th at p. 444.) Our Supreme Court further explained, " ' "We are bound to assume . . . that the petition put that court in full and complete possession of all the facts upon which [the plaintiff] relies here . . . ; and that being true, the denial of the petition was necessarily a final judicial determination . . . [that] is as effectual as an estoppel as would have been a formal judgment upon issues of fact. . . . Nor is it material that the reasons [given] for the conclusion reached by the court are not given." ' " (*Id.* at p. 445.)

Another Supreme Court case, *Consumers Lobby Against Monopolies v. Public Utilities Com.* (1979) 25 Cal.3d 891 [160 Cal.Rptr. 124, 603 P.2d 41], decided in the context of Public Utilities Code section 1756 (analogous to section 21168), leaves no room for doubt about the res judicata effect of this court's summary denial of her petition for writ of review: "The sole means provided by law for judicial review of a [public utilities] commission decision is a petition to this court for writ of review [citation], which thereby serves in effect the office of an appeal. If our ruling on such a petition were not a final 'decision on the merits both as to the law and the facts presented,' the parties would be denied their right to such review. Because it must therefore be deemed a decision on the merits, our denial of such a petition raises the bar of res judicata against relitigation of the same cause of action between the same parties or their privies." (*Consumers Lobby Against Monopolies v. Public Utilities Com., supra,* 25 Cal.3d at p. 901.)

In conclusion, the only error the superior court made was in deciding Labor Code section 5955 did not deprive it of jurisdiction to entertain appellant's petition under Code of Civil Procedure section 1094.5. Regardless, the court properly determined appellant was not entitled to relief. We are concerned with the correctness of the result, not the court's reasoning. (*Western Mutual Ins. Co. v. Yamamoto* (1994) 29 Cal.App.4th 1474, 1481 [35 Cal.Rptr.2d 698].) We affirm the judgment denying the petition. In light of our disposition on the jurisdictional ground, we need not reach the issue of laches.

## DISPOSITION

The judgment denying appellant's petition for writ of administrative mandamus is affirmed. The city shall recover its costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 24, 2004.