[No. B205856. Second Dist., Div. Eight. Jan. 28, 2010.]

DANIELA BISCARO, Plaintiff and Respondent, v.
MARC GREGORY STERN, Defendant and Appellant.

■

COUNSEL

Allen L. Lanstra, Jr., for Defendant and Appellant.

No response for Plaintiff and Respondent.

OPINION

**RUBIN, Acting P. J.**—Following the trial court's failure to rule on his request for accommodation of his disabilities, Marc Gregory Stern appeals from issuance of a restraining order against him and from a default judgment awarding a condominium to his former wife as her separate property. We reverse and remand for further proceedings.

## PROCEEDINGS

Marc Stern and respondent Daniela Biscaro married in 1998. Their marriage produced no children. In June 2005, respondent filed a petition for dissolution. Appellant did not file a response. In May 2006, the court entered appellant's default.

On September 14, 2007, respondent filed an ex parte application for a temporary restraining order against appellant arising from a fight a month earlier between appellant and respondent's adult son. Appearing at the hearing in order to oppose a restraining order, appellant requested courtroom accommodation of his neuropsychiatric disabilities that interfered with his ability to communicate and remember. He gave the court a copy of a written request for accommodation that he had filed with court administrators in another proceeding. The court incorporated appellant's written request into the court's files. The court denied respondent's ex parte application, apparently because of the length of time respondent had waited to seek a restraining order after the fight between appellant and respondent's son. The court instead set a regularly noticed hearing for October 5 on respondent's motion. The court promised appellant it would rule on his request for accommodation of his disabilities before the next hearing and that he would receive the ruling in the mail. The record on appeal does not show any such ruling issued.

Appellant did not appear three weeks later at the October 5 hearing on the restraining order, which was before a judge different from the bench officer who had promised to rule on appellant's request for accommodation. Noting appellant's request, the judge presiding at the October 5 hearing stated: "The file indicates a request for accommodation by [appellant] under the Americans

with Disability Act. Therefore, I've waited until 10:05 for a matter noticed at 8:30. [Appellant] has not appeared. I will proceed based on [respondent's] declaration." The court granted respondent's motion for a restraining order. It directed appellant to stay at least 100 yards from respondent, her home and work, and her adult son.

On December 10, 2007, appellant filed a motion for reconsideration and modification of the restraining order. In support of his motion, appellant noted he had requested at the September 14 hearing accommodation of his neurological disabilities caused by multiple traumatic injuries to his brain's frontal lobes that hindered his ability to remember, reason, and communicate. He had asked for a neuropsychologist's assistance in the courtroom, but the court did not rule on his request. He argued the lack of assistance meant he could not meaningfully participate in the proceedings to protect his interests. Respondent opposed the motion for reconsideration, arguing it was untimely.

Appellant was not present when the motion for reconsideration was heard. The court denied appellant's motion in a hearing lasting one half of one page of the reporter's transcript. After respondent's counsel introduced herself, the following was the hearing's entirety: "[Respondent's Counsel]: I received a voice mail from my client approximately 9:20 that her tires have been slashed. She was unable to make it. [Court]: Okay. The motion goes off—motion for reconsideration goes off calendar. [Counsel]: Well, your Honor—[Court]: Well, wait. The motion for reconsideration is denied. [Counsel] Thank you, your Honor."

That same month, respondent submitted a proposed judgment in the marital dissolution action. The clerk of the court rejected the judgment because it confirmed as respondent's separate property a condominium that her petition for dissolution had not identified as her separate property. Respondent thereafter applied ex parte for expedited entry of the judgment because she was soon moving out of state and wanted to sell the condominium before departing. At the May 2008 hearing on her application, she asserted the condominium was her separate property because appellant had given her his quitclaim deed to it; the purported quitclaim deed in the record, however, is an unintelligible copy of a recorded deed of some sort, the particulars of which cannot be made out. The court thereafter entered a default judgment against appellant which confirmed the condominium as respondent's separate property. This appeal followed.

## DISCUSSION

### A. *Reversible Error Not to Rule on Request for Accommodation*

■ According to material in the record, appellant suffers from permanent cognitive disabilities arising from multiple traumatic injuries to his brain's frontal lobes. A letter from his physician states appellant "has had permanent disability since [his injuries in 1985]. These injuries have resulted in neuro-psychiatric impairment including short term memory, organization, executive functioning, and concentration." Requesting accommodation of his disability, appellant asked the court for a "facilitator" who understands "traumatic brain [injuries]—a neuropsychologist." California Rules of Court, rule 1.100(a)(3) defines an "accommodation" as "actions that result in court services . . . or activities being readily accessible to and usable by persons with disabilities. Accommodations may include . . . furnishing, at no charge, . . . auxiliary aids and services, equipment, devices . . . readers, or certified interpreters for persons with hearing impairments . . . ." (Rule 1.100(a)(3).)[1]

The purpose of rule 1.100 is to allow meaningful involvement by all participants in a legal proceeding to the fullest extent practicable. Rule 1.100(b) declares: "It is the policy of the courts of this state to ensure that persons with disabilities have equal and full access to the judicial system." (Rule 1.100(b).) Rule 1.100 obligates a court to rule on every properly presented request for accommodation that the court receives, and ordinarily the ruling must be in writing. Former rule 1.100(e)(2) stated: "The court must inform the applicant in writing, as may be appropriate, and if applicable, in an alternative format, of the following: [¶] (A) That the request for accommodation is granted or denied, in whole or in part, and if the request for accommodation is denied, the reason therefore; or that an alternative accommodation is granted; [¶] (B) The nature of the accommodation to be provided, if any; and [¶] (C) The duration of the accommodation to be provided." (Former rule 1.100(e)(2); see also *id.*, subd. (e) ["The court must respond to a request for accommodation . . . ."].) Presumably mindful of the obligations set out in rule 1.100, the bench officer from whom appellant requested accommodation on September 14 promised to rule on his request before the hearing on respondent's request for a restraining order. The officer stated: "I certainly will rule on the request for accommodation. I need to have a clear understanding of—. . . let me see what you have there. [¶] . . . [¶] [Appellant] has filed a request for accommodation by persons with disabilities in another matter. [¶] Do you wish me to accommodate—incorporate that by reference into this case. [¶] [Appellant]: Yes. [¶] [Court]: All right. Then I'll

---

[1] All further rule references are to the California Rules of Court.

do that. And there will be a ruling on that before you appear in Department 2, and you'll get that in the mail." Nothing in the record suggests the court ruled as promised.

█ The general rule is that on a silent record the " 'trial court is presumed to have been aware of and followed the applicable law' " when exercising its discretion. (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114 [6 Cal.Rptr.3d 723, 79 P.3d 1030].) The appellate court will not presume error in this situation. (*Ibid.*) █ We are not inclined to follow that general rule here for two reasons: First, the rules of court stated that the court "must respond to a request for accommodation" (rule 1.100(e)) and "must inform the applicant in writing" (former rule 1.100(e)(2)). The court did not respond to the request and did not provide written notice. A tacit denial complies with neither of these mandates. Second, if in this setting we were to treat the failure to rule as a denial of the request, we would undermine the policy of the rule, which is to acknowledge and address disabilities of people who come before the court, thereby ensuring "equal and full access to the judicial system." (Rule 1.100(b).) If the genesis of the rule is that the courts historically have failed to acknowledge and accommodate litigants with disabilities, ignoring a request for accommodation only perpetuates that failing.

These concerns notwithstanding, if the record before us led us to conclude that appellant had failed to satisfy the requirements of the rule and that his accommodation should have been denied as a matter of law, the trial court's failure to rule might be considered harmless. We therefore consider the record in light of the rules of court and then address the question of prejudice.

█ A court may deny a properly stated request for accommodation for only one of three reasons, which we discuss below. (*In re Marriage of James & Christine C.* (2008) 158 Cal.App.4th 1261, 1265, 1273 [70 Cal.Rptr.3d 715]; rule 1.100(f).) First, a court may deny a request if "the applicant has failed to satisfy the requirements of this rule."[2] (Rule 1.100(f)(1).) Those requirements are: (1) A written or oral request for

---

[2] Rule 1.100(c) states: "The process for requesting accommodations is as follows: [¶] (1) Requests for accommodations under this rule may be presented ex parte on a form approved by the Judicial Council, in another written format, or orally. Requests must be forwarded to the ADA coordinator, also known as the access coordinator, or designee, within the time frame provided in (c)(3). [¶] (2) Requests for accommodations must include a description of the accommodation sought, along with a statement of the impairment that necessitates the accommodation. The court, in its discretion, may require the applicant to provide additional information about the impairment. [¶] (3) Requests for accommodations must be made as far in advance as possible, and in any event must be made no fewer than 5 court days before the requested implementation date. The court may, in its discretion, waive this requirement."

accommodation, which appellant satisfied here. (Rule 1.100(c)(1).) (2) The request must include a description of the accommodation and the impairment requiring accommodation; if the court finds the description inadequate, it may request additional information from the applicant. (Rule 1.100(c)(2).) Here, appellant asked for a neuropsychologist to help with his memory and communication disabilities. The court did not indicate it needed more information to rule on appellant's request. (3) The request must be timely, ordinarily at least five days in advance of the need for the accommodation. (Rule 1.100(c)(3).) Here, appellant orally requested on September 14—and in writing before then—accommodation for a hearing three weeks later on October 5. In short, there is nothing in the record before us that would suggest the trial court denied the request because appellant failed to comply with the procedural requirements of rule 1.100.

The second reason a court may deny a request is if the accommodation "would create an undue financial or administrative burden on the court." (Rule 1.100(f)(2).) The record contains no evidence suggesting that providing a neuropsychologist would burden the court any differently from the appointment of other facilitators, such as readers and certified interpreters for the deaf, which rule 1.100 explicitly contemplates as the type of accommodations courts ought to provide. Perhaps with a more fully developed record before the trial court prior to the court's ruling, these burdens would have been apparent, but not so on this record.

The third, and final, reason a court may deny a request is the "accommodation would fundamentally alter the nature of the service, program, or activity." (Rule 1.100(f)(3).) Nothing in the record suggests a neuropsychologist assisting appellant would have necessarily altered the judicial services the court provides to the public.

Given that the record does not suggest that as a matter of law the court should have denied the request, it was incumbent on the court to consider and rule upon the adequacy of the showing that appellant made.

We now turn to whether appellant must show he was prejudiced. From as far back as 1872, a fundamental precept in California is that in civil cases only prejudicial error is reversible. (Code Civ. Proc., § 475; see Cal. Const., art. VI, § 13.) Nevertheless, some errors in civil cases remain reversible per se, primarily when the error calls into question the very fairness of the trial or hearing itself. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 456, pp. 511–513.) The sole published decision to interpret rule 1.100 suggests that wrongful denial of an accommodation is structural error that does not require prejudice for reversal. *In re Marriage of James & Christine C., supra,* 158 Cal.App.4th 1261 was a marital dissolution. The

wife was in propria persona during trial of custody, support, and property issues when she admitted herself at her psychiatrist's recommendation into a hospital for treatment of bipolar disorder. (*Id.* at pp. 1264–1265, 1269.) For accommodation of her psychiatric disability, she requested a continuance of the trial, which the court denied out of frustration at the number of continuances already granted in the case. The trial continued in her absence, ending in the court's entry of judgment on the contested issues. (*Id.* at pp. 1270–1271.)

On review, the appellate court held the trial court erred in denying a continuance as an accommodation, even though the appellate court sympathized with the trial court's frustration at the multiple continuances. (*In re Marriage of James & Christine C., supra,* 158 Cal.App.4th at pp. 1264–1265.) The appellate court noted a court may deny an accommodation for only one of three reasons (which we have discussed, *ante*), none of which applied. (*Id.* at pp. 1265, 1274.) The appellate court therefore reversed and remanded the matter to the trial court without requiring the wife to show prejudice and without addressing the merits of her substantive challenge to the trial court's judgment. (*Id.* at pp. 1265, 1277.) The appellate court's dispensing with analysis of prejudice indicates wrongful denial of an accommodation is structural error infecting a legal proceeding's reliability, which stands to reason because an accommodation's purpose is to help a party meaningfully participate in a way that enhances our confidence in a proceeding's outcome. Unlike most legal error, structural error calls for reversal per se because the error prevents a reviewing court from ascertaining what might have happened absent the error. (See *People v. Kobrin* (1995) 11 Cal.4th 416, 428–429 [45 Cal.Rptr.2d 895, 903 P.2d 1027].)

█ The present case, which involves not a denial of the motion but a failure to rule on it, presents an even stronger argument for structural error. Here, the trial court was under a mandatory duty imposed by the rules of court to rule on the motion. Not only was accommodation denied, the court never ruled on the request. We are unable to assess meaningfully what impact the grant of accommodation would have had on the proceedings and conclude, therefore, the error was structural without a showing of prejudice. (See *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1127, 1130 [210 Cal.Rptr. 114]; see also *id.*, at pp. 1130–1131 (conc. opn. by Spencer, P. J.) [failure to issue a statement of decision when requested by a party is reversible per se].) Because the trial court did not rule on appellant's request for an accommodation, we reverse and remand with directions that the court rule on the request.[3]

---

[3] We do not suggest how the court should rule on the merits. We also observe that several different bench officers were involved in the proceedings that led to this appeal. We do not suggest by our opinion by whom the determination should be made. Rule 1.100(b) indicates

B. *Error to Award Condominium as Respondent's Separate Property*

The court's default judgment for respondent awarded as her separate property a condominium on Redwood Avenue. Respondent's original and amended petitions for dissolution did not identify the condominium as her separate property. Her original petition identified as her separate property "All Household Goods and Furnishings located at 4346 Redwood Avenue, #A304 Marina del Rey, CA 90292" except for about two dozen specific items such as certain paintings, sculptures, and kitchen appliances. The petition did not describe the condominium itself as separate property. Respondent's amended petition was even less specific, failing to identify any marital property as separate or community property. Instead, the amended petition declared "The full nature, extent and value of separate property assets . . . is unknown at this time. [Wife] will seek leave to amend this petition upon ascertaining same."

■ The judgment of dissolution against appellant was by default. Appellant contends the court erred in awarding the condominium as respondent's separate property because the court granted respondent greater relief than she had requested in her petitions for dissolution. Appellant is correct. A default judgment may not award more relief than a complaint requests without violating due process. That principle applies to marital dissolutions. (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [276 Cal.Rptr. 290, 801 P.2d 1041] [court may not order defaulting parent to pay child support if petitioning parent did not request child support]; *Burtnett v. King* (1949) 33 Cal.2d 805, 811 [205 P.2d 657] [error to confirm as wife's separate property marital home when her petition for dissolution did not seek adjudication of the home's ownership]; see also Code Civ. Proc., § 580, subd. (a) ["relief granted . . . if there is no answer, cannot exceed that demanded in the complaint"].) The court therefore erred in confirming the Redwood Avenue condominium as respondent's separate property.[4]

---

that each court must designate an ADA (Americans with Disabilities Act) coordinator. Rule 1.100(g) provides for the presiding judge or designated judicial officer to make certain decisions. *In re Marriage of James & Christine C., supra,* 158 Cal.App.4th at page 1276 stated that the assistant presiding judge/ADA coordinator was not authorized to have deferred to the individual judicial officer assigned to the case the responsibility for granting or denying the request. We express no opinion on the subject.

[4] We do not address whether respondent should be allowed to amend her petition to add her claimed separate interest in the condominium. If an amended petition is allowed, the court would be required to vacate the default and appellant would be entitled to file a timely response. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 830 [231 Cal.Rptr. 220, 726 P.2d 1295]; *Craft v. Craft* (1957) 49 Cal.2d 189, 193 [316 P.2d 345] [approving of such a procedure in marital dissolution].)

## DISPOSITION

The judgment is reversed. The matter is remanded with directions that the trial court rule on appellant's request for accommodation of his disabilities and for any further proceedings that may be necessary based on that ruling.

Flier, J., and Mohr, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.