Filed 10/2/13  Williams v. Home Depot CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| APRIL PREMO WILLIAMS, | C070573 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201100269248CUCRSTK) |
| v. | |
| THE HOME DEPOT, | |
| Defendant and Respondent. | |

April Premo Williams, representing herself, informed the trial court that she is an individual with a mental disability and asked the trial court to "remove" her pending Workers' Compensation Appeals Board (WCAB) matter to the superior court and to stay the matter until Williams can appeal to the United States Supreme Court or the California Supreme Court to determine her due process rights.  The trial court characterized the request as a motion and denied it, concluding that it lacked jurisdiction over the matter.

We will affirm the order.

1

## BACKGROUND

The record on appeal is quite limited, but we will summarize the factual assertions made in the request for removal.

Williams was employed by The Home Depot. In 2003, she was injured on the job. Williams claimed workers' compensation benefits and in December 2005, the parties signed a "Stipulation and Award and/or Order" by which The Home Depot agreed to provide "benefits and treatment [to Williams] in accordance with the opinions of the AME, Dr. Abeliuk." Thereafter, Williams received medical treatment, including surgeries.

Williams disagrees that her condition is permanent and stationary, and claims she was "forced" to settle her claim. She made several appeals to the WCAB but the case has not resolved.

In her instant request for removal, Williams claimed the WCAB failed to require that she receive prompt and adequate medical treatment. She also claimed the WCAB allowed The Home Depot to hold her in involuntary servitude. Williams asserted that removal of her pending workers' compensation matter to the superior court was necessary because she is mentally disabled, her requests to the Department of Industrial Relations for reasonable accommodation under the Americans with Disabilities Act were not granted, and hence her due process and civil rights have been violated.

Following a hearing, the trial court denied the request for removal, concluding that it has no jurisdiction over the matter.

## DISCUSSION

### I

The trial court correctly ruled that it lacked jurisdiction to remove the workers' compensation matter to the superior court.

The California Workers' Compensation Act (the Act) provides an elaborate and complete scheme for the adjudication of claims by employees against employers for

2

injuries "arising out of and in the course of" their employment. (Lab. Code, § 3600;[1] see *Santiago v. Employee Benefits Services* (1985) 168 Cal.App.3d 898, 901.) " 'Proceedings which in any manner concern the recovery of compensation, or any right or liability "arising out of or incidental thereto" are to be instituted solely before the Appeals Board. (§ 5300, subd. (a).)' " (*Greener v. Workers' Comp. Appeals Bd.* (1993) 6 Cal.4th 1028, 1038-1039, citing *Santiago v. Employee Benefits Services, supra,* 168 Cal.App.3d at p. 901.) All of the issues Williams raised in her request for removal involved matters arising out of or incidental to her workers' compensation claims, including WCAB's resolution of those claims.

The trial court lacks jurisdiction over such matters. Section 5955 provides, "No court of this state, except the Supreme Court and the courts of appeal to the extent herein specified, has jurisdiction to review, reverse, correct, or annul any order, rule, decision, or award of the [WCAB], or to suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties," and gives the appellate courts the power to issue a writ of mandate "in all proper cases." As the California Supreme Court explained more than 50 years ago, "[a]n examination of the legislative history of [Labor Code] section 5955 . . . clearly shows that [the statute] means that superior courts have no jurisdiction to review or otherwise interfere with the operation of any order of the Industrial Accident Commission."[2] (*Loustalot v. Superior Court* (1947) 30 Cal.2d 905, 910.) "In restricting any interference with the commission's decisions or orders to proceedings in the appellate courts, the Legislature has carried out the declared policy of the constitutional provision that the commission be unencumbered

---

[1] Undesignated statutory references are to the Labor Code.

[2] The Industrial Accident Commission is the predecessor of the WCAB. (*Abraham v. Workers' Comp. Appeals Bd.* (2003) 113 Cal.App.4th 1082, 1088, fn. 4.)

by any but proceedings in the appellate courts." (*Id.* at pp. 912–913; see also *Abraham v. Workers' Comp. Appeals Bd., supra*, 113 Cal.App.4th at p. 1088 and cases cited therein.)

The only method by which a decision or process of the WCAB may be attacked is by an application to the Court of Appeal for a writ of review. (2 Witkin, Summary of Cal. Law (10th ed. 2005) Workers' Compensation, § 434 et seq., pp. 1061-1079, and cases cited therein.)

Accordingly, the trial court did not err in denying the request for removal.

II

Williams also made an accommodation request in the trial court pursuant to rule 1.100 of the California Rules of Court (rule 1.100). She now contends the trial court improperly refused her request. But a challenge to the trial court's ruling under rule 1.100 must be made by a petition for writ of mandate filed in this court within 10 days after the trial court's response to the request. (Rule 1.100 (g)(2).)

Williams did not file a timely writ petition. And she cannot show prejudice. (Cal. Const., art. VI, § 13; Code Civ. Proc., § 475; *Biscaro v. Stern* (2010) 181 Cal.App.4th 702, 709.) With or without the requested accommodation, the trial court could not have ordered the pending workers' compensation matter removed to the superior court.

DISPOSITION

The order is affirmed.

                                                      MAURO       , Acting P. J.

We concur:

               DUARTE            , J.

               HOCH              , J.

4